## CLAY *v.* BOHONON.

When goods are bargained for and delivered, with the agreement that they shall remain the property of the vendor until they are paid for, if the same are not paid for within the time specified the vendor may retake the goods, or bring assumpsit for the price.

But neither a count for goods sold and delivered, nor for goods bargained and sold, can be maintained for the price of the goods; but a special count should be inserted, founded upon the special contract.

A declaration for goods sold and delivered, and for goods bargained and sold, may be amended by adding such special count.

ASSUMPSIT, for goods sold and delivered, and bargained and sold.

It was agreed by the parties to submit the following statement of facts, for the purpose of raising the questions of law to be determined thereon: On or about the first of November, 1868, the defendant proposed to buy of the plaintiff a pair of oxen, for the sum of one hundred and twenty-five dollars. A bargain was struck between the parties for the oxen for that sum. A time of payment, and terms of security for it, were then talked about, and it was finally agreed that the defendant should take the oxen at the price stated, with interest, and have a year to pay for them in, and that the oxen should remain the plaintiff's till paid for, the defendant promising to pay for them in that time. No note in writing of this contract was ever made. The defendant took the oxen, and kept them during the time agreed upon for the payment. After the expiration of said time, the plaintiff instituted this suit to recover said sum, with interest, in which the same oxen with other property were attached as property of the defendant. No part of said sum has ever been paid. The case was reserved.

*Norris,* for the plaintiff.

*Barnard,* for the defendant.

SARGENT, C. J. In *Pinkham* v. *Mattox,* 53 N. H. 600, there was a special count founded on a contract similar to the one in this case. In its main features it was parallel to this, so far as we can see, and it was held that assumpsit might be maintained upon the special contract in that case. But in the case before us, assumpsit is brought upon two general counts, one for goods sold and delivered, and the other for goods bargained and sold.

Where goods are sold and delivered, the vendor has no lien upon them unless it may be the right of stoppage *in transitu* for certain reasons. If the goods are sold and delivered, they do not and cannot remain the property of the vendor till paid for. So with goods bargained

and sold : though in that case they may not be delivered, still the title in the goods must have passed, so that if they are stolen or burnt before delivery the loss will be on the vendee and not on the vendor, or, if wrongfully taken away by a third person before delivery, the vendee could maintain trover for the goods.   *Gordon* v. *Norris*, 49 N. H. 376, 381, and cases cited ; *Bailey* v. *Smith*, 43 N. H. 141.

Now, in a contract of this kind, the goods or the property, whatever it may be, that is the subject of the contract, is delivered and received; it is bargained, also, but it is not technically sold.   The peculiarity of this class of contracts is, that the property is bargained for and delivered, but the property remains in the vendor awaiting some contingency.   The absolute right of property does not pass with the delivery.   It is neither *sold* and delivered, nor bargained and *sold*.   It is bargained for and delivered but not sold, and a contract of this kind will not therefore support a count for goods sold and delivered, or one for goods bargained and sold.   This action cannot be maintained in its present form, but the writ might be amended by adding a count upon the special contract.   *Bailey* v. *Smith, supra.*

If the plaintiff should obtain such an amendment of his writ in the trial term, we see no reason why he may not, on the authority of *Pinkham* v. *Mattox, ante,* recover upon that, but he cannot as his declaration now stands.   There is no agreement for judgment in the case ; the facts are agreed only for the purpose of raising and determining questions of law.   These questions being disposed of,

*The case is discharged.*